JUDGE NATHAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CIV 3970

------------------------------------------------------------ x

KASHEENA ROBERTS and OMAR GONZALEZ,

        Plaintiffs,

-against-

Police Officer RICHARD DELROSARIO, Shield No. 10355; Lieutenant ROGER LURCH; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

        Defendants.

**COMPLAINT**

Jury Trial Demanded

RECEIVED JUN 11 2013 U.S.D.C. S.D.N.Y. CASHIERS

------------------------------------------------------------ x

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiffs demand a trial by jury in this action.

## PARTIES

6. Plaintiff Kasheena Roberts ("Ms. Roberts") is a resident of New York County in the City and State of New York.

7. Plaintiff Omar Gonzalez ("Mr. Gonzalez") is a resident of New York County in the City and State of New York.

8. Defendant Police Officer Richard Delrosario, Shield No. 10355 ("Delrosario"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Delrosario is sued in his individual and official capacities.

9. Defendant Lieutenant Roger Lurch ("Lurch"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Lurch is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 4:30 a.m. on September 6, 2012, plaintiffs were lawful passengers in a taxicab operating in the vicinity of 111th Street and Seventh Avenue in New York, New York.

14. Plaintiffs, who had ample cash to do so, were in the process of paying the fare when the driver inexplicably locked the vehicle's doors and drove them to a police precinct.

15. At the precinct, defendant Lurch aggressively rushed toward the plaintiffs, yelling at them.

16. Defendant Lurch violently grabbed Mr. Rodriguez.

17. When Ms. Roberts asked the Lieutenant what he was doing, he grabbed her and threw her against the taxicab.

18. Lurch then threw Ms. Roberts to the ground and began to arrest her – even though she had committed no crime – burying his knee in her back.

19. While he was assaulting her, without cause or justification, Lurch then maced Ms. Roberts.

20. After further assault, the defendants then proceeded to handcuff and falsely arrest the plaintiffs and their friend.

21. Plaintiffs were brought inside the precinct.

22. Ms. Roberts was handcuffed to a bench and Mr. Gonzalez was placed in a cell.

23. At the precinct the defendants falsely informed employees of the New York County District Attorney's Office that plaintiffs had attempted to obtain transportation without paying.

24. At no point did plaintiffs or their friend ever refuse or neglect to pay and there was no evidence to suggest that they had done so.

25. After approximately seven hours, plaintiffs were taken to Manhattan Central Booking, also known as the Tombs.

26. Approximately twelve hours later, plaintiffs were arraigned and released on their own recognizance.

27. Ms. Roberts was compelled to return to Court approximately four times before the charges were dismissed in their entirety.

28. The criminal charges against Mr. Gonzalez were subsequently adjourned in contemplation of dismissal.

29. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputations.

## FIRST CLAIM
### False Arrest

30. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

32. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Malicious Prosecution

33. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

34. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff Roberts under 42 U.S.C. § 1983 for the violation of her constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

35. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff Roberts of her constitutional rights. The prosecution by defendants of plaintiff Roberts constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

36. As a direct and proximate result of defendants' unlawful actions, plaintiff Roberts has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

### THIRD CLAIM
### Unreasonable Force

37. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

38. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.

39. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

40. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

41. The individual defendants created false evidence against plaintiffs.

42. The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

43. In creating false evidence against plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated plaintiffs' constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

44. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

45. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

46. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent

such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

47. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

48. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   June 10, 2013
         New York, New York

>                                    HARVIS WRIGHT
>                                    SALEEM & FETT LLP
>
>                                    _____
>                                    Gabriel Harvis
>                                    305 Broadway, 14th Floor
>                                    New York, New York 10007
>                                    (212) 323-6880
>                                    gharvis@hwsflegal.com
>
>                                    *Attorney for plaintiffs*