

305 Broadway, 14ᴛʜ Floor
New York, New York 10007
Tel: (212) 323-6880
Fax: (212) 323-6881
www.hwandf.com

Gabriel P. Harvis
gharvis@hwandf.com
Christopher D. Wright
cwright@hwandf.com
Baree N. Fett
bfett@hwandf.com

June 13, 2014

**BY ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Roberts, et al. v. Delrosario, et al.*, 13 CV 3970 (VSB)

Your Honor:

    I represent plaintiffs in the above-referenced civil rights action. I write to respectfully request, pursuant to Local Rule 37.2, that the Court convene an informal conference regarding plaintiff's contemplated motion for an order pursuant to Fed. R. Civ. P. 37(a)(1)(B)(iii)-(iv) compelling defendants to provide certain outstanding items of discovery in advance of their depositions next week. Pursuant to Section 3 of the Court's Individual Practices, the undersigned counsel hereby certifies that he met and conferred by telephone with defense counsel today for 35 minutes in a good faith effort to resolve the disputes without Court intervention.

    The complaint was filed over a year ago in June 2013. The parties participated in the Court's § 1983 Plan and mediation was unsuccessful. Plaintiffs served their first set of discovery demands by hand at the initial conference on March 28, 2014. *See* Plaintiffs' First Set of Discovery Demands, annexed hereto as Exhibit 1. Defendants served their responses 39 days later, on May 5, 2014. *See* Defendants' Responses to Plaintiff's First Set of Discovery Demands, annexed hereto as Exhibit 2. Defendants produced a total of 5 pages of discovery with their responses, consisting of an arrest report and two printouts for plaintiff Crichton. Plaintiffs served their second set of document requests by hand on May 12, 2014 and defendants have not responded to date, 33 days later. *See* Plaintiffs' Second Document Requests, annexed hereto as Exhibit 3.

    Consequently, a great deal of critical, basic discovery remains outstanding including, *inter alia*, the precinct roll call, relevant municipal policies and the defendant officers' personnel and disciplinary records. This material is necessary for plaintiffs'

counsel to prepare for the defendant officers' depositions, presently scheduled to commence on June 18, 2014.

Plaintiffs have been diligent in pursuing the outstanding discovery. By e-mail dated May 12, 2014, plaintiffs outlined the deficiencies in defendants' prior disclosures and requested that they produce, by June 12, 2014, the following:

- Privilege/Redaction Log;

- Personnel files, CPI, IAB and CCRB indices, along with underlying files for similar allegations or false statement as to defendants Delrosario and Lurch (Doc. Reqs. 8-10); *see, e.g.*, *Zhao v. City of New York*, 07-CV-3636 (LAK)(MHD), 2007 WL 4205856, *1 (S.D.N.Y. Nov. 21, 2007); *Bradley v. City of New York*, 04-CV-8411 (RWS)(MHD), 2005 WL 2508253 (S.D.N.Y. Oct. 3, 2005); *Pacheco v. City of New York,* 05-CV-2013 (NG)(VVP), 2006 WL 648057, *1 (E.D.N.Y. Mar. 13, 2006). Open allegations, which are discoverable, *see Kitevsky v. City of New* York, 04-CV-7402 (RCC)(RLE), 2006 WL 680527 (Mar. 16, 2006), should be included, along with allegations that post-date the incident, which are also discoverable, *see Ismail v. Cohen*, 899 F.2d 183, 188-89 (2d Cir. 1990);

- Roll call for 24th precinct (Doc. Req. 2);

- Prisoner movement slips for Chrichton and Gonzalez (Doc. Req. 2);

- Precinct Prisoner Roster (Doc. Req. 2);

- "Scratch" (draft) copy of Chrichton arrest report (Doc. Req. 2);

- Prisoner pedigree of plaintiff Chrichton (Doc. Req. 2);

- Central Booking Prisoner Roster (Doc. Req. 2);

- Overtime records (Doc. Req. 2);

- Relevant policies and procedures (Doc. Reqs. 21-22);

- Relevant training materials (Doc. Req. 42); and

- All documents for which defendants stated they were continuing to search at the time their discovery responses were served (*e.g.* Defs. Resp. to Doc. Reqs. 2, 5, 14, 17, 18, 28).

Defendants never responded to plaintiffs' May 12th request for the foregoing documents, nor did they produce any of the documents by the deadline. Indeed, the undersigned wrote to defense counsel by e-mail on June 11, 2014, requesting confirmation that defendants would produce the documents by the June 12th deadline. Defense counsel never responded to that e-mail or to a voicemail left the following day. When the undersigned was finally able to reach defense counsel by telephone today, despite the commencement of defendants' depositions on June 18th, counsel

would not agree to immediate production of the material, and conceded that defendants' responses to plaintiffs' Second Document Requests were overdue and had not been prepared.

Accordingly, plaintiff respectfully requests that the Court schedule an informal conference to address plaintiff's motion to compel production of the outstanding discovery by a date certain and, for defendants' failure to serve written responses or a privilege/redaction log, waiver of their objections to plaintiffs' discovery requests. *Eldaghar v. City of N.Y. Dep't of Citywide Admin. Serv.'s*, 02-CV-9151 (KMW) (HBP), 2003 U.S. Dist. LEXIS 19247 at *2 (S.D.N.Y. Oct. 20, 2003) ("The law is well settled that a failure to assert objections to a discovery request in a timely manner operates as a waiver"); *Kitevski*, 2006 WL 680527 at *4 ("The City has failed to provide a privilege log, and has failed to present any justification for that failure. It has, therefore, waived any privilege with respect to the ... records by failing to properly identify the documents, and assert the privilege.").

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

Encl.

cc:   ACC Carla Cheung, Esq.