UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
KASHEENA  ROBERTS  and  OMAR
GONZALEZ,

                    Plaintiffs,

           -against-

Police  Officer  RICHARD  DELROSARIO,
Shield No. 10355; Lieutenant ROGER LURCH;
and  JOHN  and  JANE  DOE  1  through  10,
individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                    Defendants.
-----------------------------------------------------------------x

**PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

13 CV 3970 (VSB)

      PLEASE  TAKE  NOTICE  that,  pursuant  to  Rules  26  and  33  of  the  Local Rules of the United States District Court for the Southern District of New York (the "Local Rules") and Rule 33 of the Federal Rules of Civil Procedure, plaintiffs request that defendants answer under oath, within thirty days, the following interrogatories. Plaintiffs further request, pursuant to Rule 26 of the Local Rules and Rule 34 of the Federal Rules of Civil Procedure, that defendants produce for copying and inspection at Harvis Wright & Fett LLP, 305 Broadway, 14th Floor, New York, New York, within thirty days, all documents and materials described herein.

      These  interrogatories  and  document  requests  are  continuing.  If  at  any  time after service of answers hereto, and prior to the trial of this action, defendants obtain or become aware of additional information pertaining to any of these interrogatories

or document requests, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, defendants shall, within thirty days, and in no event later than five days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information.

## <u>DEFINITIONS</u>

Plaintiffs hereby incorporate the Uniform Definitions In Discovery Requests Contained in Rule 26.3 of the Local Rules in addition to the following definitions:

1.    <u>Defendants</u>: The term "defendants" means all defendants herein collectively.

2.    <u>Communication</u>: The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.    <u>Document</u>: The term "document" encompasses all items within the scope of Rule 34(a) of the Federal Rules and Rule 26.3(c)(2) of the Local Rules. The term "document" includes, but is not limited to, all written or graphic matter, public and private, of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, sent, received, redrafted, or executed, including without limitation: writings, correspondence, communications, electronic mail, letters, telegrams, telexes, cables, contracts, applications, agreements, leases, handwritten notes, drafts, memoranda, proposals, log books, transcripts, records, reports, analyses, studies, summaries,

surveys, appraisals, graphs, drawings, charts, calculations, computer programs, tables, projections, microfilm, microfiche, flow charts, tape and tape recordings, databases, computer disks, CD-ROMs, computer printouts, sound or video tapes, computer tapes and disks, information contained in any computer, videos, audio magnetic tape or mechanical devices or machines (although not yet printed out), transcriptions of audio or video recordings, data sheets, data processing, checks, check stubs, check registers, promissory notes, articles, books, notebooks, brochures, photographs, clippings, instructions or procedural manuals, minutes, notices, invoices, bills, statements of account, expense reports, bank drafts, evaluations, worksheets, working papers, diary entries, desk calendar entries, appointment calendars, statements, date books, telephone logs, telephone message slips, summaries and records of telephone conversations, personal conversations and/or meetings, court papers, schedules, lists, indexes, or any other writing or recording of any kind, or any other tangible sources of information and data responsive to the request, whether written, printed, typed, photocopied, computer or electronically printed or stored, or recorded, or reproduced by any other mechanical or electronic process, or written or produced by hand, or otherwise available as tangible material from any source, and of any kind, form, or nature, whether sent or received or neither, including all underlying, supporting or preparatory materials, versions or drafts, and originals, identical copies, and all non-identical copies of all writings of any nature whatsoever. Any copy of a document,

which contains information or markings not contained on the original of the documents, should be considered a separate document.

4. <u>Identify (with Respect to Persons)</u>: When referring to a person, to "identity" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known address, and when referring to a natural person, additionally, the present or last known place of employment, and when referring to a natural person who is a uniformed member of a police or correction department, the current rank and shield number. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

5. <u>Identify (with Respect to Document)</u>: When referring to documents, to "identify" means to give, to the extent known, the (i) type of document. (ii) general subject matter, (iii) date of the document, and (iv) author(s), addressee(s) and recipient(s), or, alternatively to produce such document(s) for inspection if not called for in the Document Request.

6. <u>Identify (with Respect to Communications)</u>: A request to "identify" a communication means: (i) to state whether it was written or oral, and if written, to identify each document comprising or evidencing such communication; (ii) to state the date and place of such communication, (iii) to identify each individual

participating therein and each individual who was present at the place or places of such communication, or if now known, the substance of such communication.

7.     Parties: The terms "plaintiffs" and "defendants" as well as a party's full or abbreviated name or a pronoun referring to a party means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

8.     Person: The term "person" is defined as any natural person or any business, legal or governmental entity, corporation or association.

9.     Concerning: The term "concerning" means relating to, referring to, describing, evidencing or constituting.

10.    Any/All/Each: The term "any" includes the word "all."  The terms "all" and "each" shall be construed as all and each.

11.    And/Or: The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

12.    Number: The use of a singular form of any words includes the plural and vice versa.

13.    Incident: The term "incident" is used broadly herein to mean the incident forming the basis of the instant action, and includes the facts and events

5

alleged in plaintiffs' complaint, and prior and subsequent events and occurrences that are pertinent thereto, either directly or indirectly, including, without limitation, any conduct or action constituting prosecution of plaintiffs or any defendant or employee or agent of any defendant.

## **INSTRUCTIONS**

1.      In answering the following interrogatories and responding to the following document requests and requests for admissions, (collectively the "request"), you shall furnish all information that is available to you, including information in the possession, custody, or control of your attorneys, accountants, investigators, experts, representatives, or other agents.

2.      If, in answering the following, you are unable to answer fully, after exercising due diligence to obtain the information to do so, you shall answer said interrogatory to the fullest extent possible, specifying your inability to answer the remainder, describing the efforts taken by you to obtain the information or fully answer said interrogatory, and stating whatever information or knowledge you have concerning the unanswered portion therein.

3.      If, in answering the following interrogatories, you state in whole or part that "I do not know" or "unknown" or otherwise any similar lack of knowledge, you shall state in detail all efforts made to obtain the information requested, the nature of

6

any continuing efforts in that regard, and by whom any such efforts were and are being made.

4. If any document responsive to the requests has been lost, destroyed, or is otherwise unavailable, describe and identify each such document by stating in writing: (i) the name(s) of the authors(s), the name(s) of the person(s) who received the original and all copies and the date and subject matter, (ii) the last known custodian of the document, (iii) the incident, event, or occurrence during which document was lost, destroyed, or otherwise became unavailable, (iv) each person having knowledge of the circumstances of it being lost, discarded or destroyed, and (v) your efforts to locate each such document.

5. If a claim of privilege is asserted with respect to any document, or you refuse to disclose any document requested herein on any other ground, state the basis for your claim that such document need not be disclosed with such specificity as will permit the Court to determine the legal sufficiency of your objection or position, and, for each such document, identify:

    a. whether the document contains a request for legal advice and, if so, identify the person who requested the legal advice;

    b. whether the document contains advice as to the meaning or application of particular laws or rules in response to such request;

    c. any further information to explain and support the claim of privilege to permit the adjudication of the propriety of that claim;

d. the nature of the privilege (including work product) that is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked;

e. the type of document, e.g., letter to memorandum; the general subject matter of the document; and such other information as is sufficient to identify the document for subpoena duces tecum, including, where appropriate, the author, addressee, and any other recipient of the document, and where not apparent, the relationship to the author, addressee, and other recipient to each other.

6. If answering these requests you claim any ambiguity in interpreting either the request or a definition instruction applicable thereto such claim shall not be utilized by you as a basis for refusing to respond; rather you shall set forth in a part of your response to such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request.

7. Defendants shall respond separately and completely to each interrogatory, document request and request for admission or subdivision thereof, setting forth the question in full followed by each answer.

8. With respect to the documents requested, this request seeks production of all documents described, in their entirety, along with any attachments, drafts and nonidentical copies.

9.     Questions regarding the interpretation of this request shall be: (i) organized and designated to correspond to the categories in the requests, or (ii) produced in a form that accurately reflects how they are maintained by you in the normal course of business, including but not limited to the following:

a.   that all associated file labels, file headings and file folders be produced with the responsive documents from each file and that each file be identified as to its owner(s) or custodian(s);

b.   that all pages now stapled or fastened together be produced stapled or fastened together; and

c.   that all documents which cannot legibly be copied be produced in their original form.

10.    Except where otherwise indicated, the period of time covered by these requests is from the date of the incident alleged in the complaint to the dates these requests are answered.

11.    This request is to be considered as continuing and defendants are requested to provide, by the way of supplementary responses hereto, such additional information as they or any persons acting on their behalf may hereafter obtain that will augment, clarify, or otherwise modify the responses now given to this request. Such supplementary responses are to be filed and served upon counsel for plaintiffs within thirty days after receipt of such information or documents.

## INTERROGATORIES

1.      Identify all persons that assisted or provided information in response to plaintiffs' discovery demands.

2.      Identify any and all officers, and any other City of New York employees who were present at and/or participated in the Incident or any portion of the Incident, and set forth separately their true, full and correct names, badge, shield or identification numbers, work addresses, present addresses, and whether they will be called as trial witnesses by defendants, including but not limited to:

    a.  Each and every officer present at or near the location of the acts set forth in the complaint;

    b.  Any and all supervisors who authorized, reviewed, critiqued, witnessed, or conferred with the New York City Police Department ("NYPD") or otherwise had knowledge of the incident;

    c.  Each and every officer that has knowledge of the allegations levied against plaintiffs by any police officer in connection with the incident;

    d.  Each and every officer present during the arrest;

    e.  Each and every officer who spoke to plaintiffs before, during or after the arrest;

    f.  Each and every officer that made the decision to arrest plaintiffs;

    g.  Each and every officer that provided information concerning plaintiffs' arrest to the District Attorney's office;

    h.  The arresting officers;

    i.  The arresting officers' partner or partners;

    j.  The commanding officers of the squad or unit of the NYPD to which

the individuals identified above were assigned, including both (i) the ranking officer at the scene of the arrest of plaintiffs, and (ii) any higher-level supervisor to whom the ranking officer at the scene reports;

k. The desk officer of the precinct(s) to which plaintiffs were brought following the arrest;

l. The officer or officers who took custody of plaintiffs, transported them to or from the precinct, or played any role in their processing at the precinct after their arrest;

m. The officer or officers who took custody of plaintiffs, transported them to or from Central Booking, or played any role in their processing at Central Booking after the arrest; and

n. All civilians present at any point during the incident.

3. Identify all persons that defendants have communicated with regarding any matter at issue in this litigation.

4. Identify each occasion on which defendants or any persons identified in response to Interrogatory No. 2 have given testimony or statements regarding the subject of this lawsuit.

5. Identify all persons, including civilian witnesses, medical personnel, and other employees of the City of New York, who witnessed the Incident or any portion of the Incident, including but not limited to, all persons known to be at or near the location of the Incident, and set forth separately their true, full and correct names, whether they have given a signed statement and/or report to the defendants, their attorneys, or their

11

agents, and whether they will be called as trial witnesses by defendants.

6. If Interrogatory No. 5 was answered in the affirmative as to whether a statement or report was made, give:

  a. The name, badge or identification number, and present address of the person who prepared each such report/statement;

  b. The name, badge or identification number and present address of the person or persons for whom each such report/statement was prepared;

  c. The date, time and place where each such report was prepared; and

  d. The name, badge or identification number, and present address of the present custodian of each such report.

7. State whether any of the defendants and officers identified in response to Interrogatory No. 2 were questioned by Internal Affairs, CCRB, District Attorney's Office, and/or any other federal, state, or local law enforcement or other agency about the incident set forth in the complaint.

8. If the answer to the Interrogatory No. 7 is in the affirmative, set forth:

  a. The name, title and shield number and address of the person(s) making the inquiry;

  b. The date and time of said inquiry, and;

  c. The substance of such inquiry;

  d. All documents, tape recordings or other recordings of the inquiry;

  e. The custodian of these documents, recordings or other recordings;

  f. A general description of these documents and/or recordings.

9. Identify all experts that defendants expect to call at the time of trial.

10. Identify every document concerning each of the individual defendants'

employment with the City.

11.     Identify all documents, including, without limitation, photographs, videotapes, and audiotapes, whether in your possession, custody or control, or not, that relate to the incident and the investigation and prosecution of plaintiffs, including a description of such documents, their location, and their custodian.

12.     Identify all documents that relate to defendants' response to each and every Interrogatory above, including, without limitation, a description of such documents, their location and their custodian.

## DOCUMENT REQUESTS

## DOCUMENT REQUEST NO. 1:

All documents identified in the foregoing Interrogatories.

## DOCUMENT REQUEST NO. 2:

Produce all documents relevant to this action that are or were in the possession of any agency of the City of New York, including but not limited to the NYPD, or that reflect the activities of any employee of the City of New York that are relevant to this action and can be obtained by defendants.  If defendants claim that any document identified in response to this request cannot be produced or obtained, defendants are to treat this request as an interrogatory and are to state the existence, custodian, location and a general description of the document (*see* Local Civil Rule 33.3 (a)).  The documents at issue include, but are not limited to, the following:

(i)    Memo Books and/or DARs of the officers identified in response to Interrogatory No. 1 (i) – (iii);

(ii)    Roll Call for the precinct to which the officers identified in response to Interrogatory No. 1 (i) – (iii) were assigned;

(iii)    Command Log for the precinct to which the officers identified in response to Interrogatory No. 1 (i) – (iii) were assigned;

(iv)    Arrest Report;

(v)    Online Booking System Arrest Worksheet, including drafts and scratch copies;

(vi)    Complaint Report (UF-61), including drafts and scratch copies;

(vii)    Prisoner Movement Slip;

(viii)    Video Recordings from the vicinity of the Incident;

(ix)    Property Voucher;

(x)    BADS Check of plaintiffs, including, without limitation, OLPA Report and BADS Arrest History report;

(xi)    OCA Check of plaintiffs;

(xii)    Central Booking Prisoner Roster(s);

(xiii)    The District Attorney's File;

(xiv)    Sprint Report(s), including tapes;

14

(xv)    Aided Report;

(xvi)    CAD Report;

(xvii)    ACR;

(xviii)    Injury to Inmate Report;

(xix)    Line of Duty report(s);

(xx)    Medical records for any officer claiming injury;

(xxi)    Property Clerk's Invoice for plaintiff's property;

(xxii)    For inspection, all invoiced property;

(xxiii)    Photos from Central Booking;

(xxiv)    Tactical Plan;

(xxv)    ECAB/Complaint Room Screening Form;

(xxvi)    District Attorney Dismissal Memorandum;

(xxvii)    All documentation of overtime requested and received by any officer involved in plaintiff's arrest for the tour including plaintiff's arrest; and

(xxviii)    For each defendant who sought or received overtime for the tour including plaintiff's arrest, all documentation of overtime requested and received for that tour.

**DOCUMENT REQUEST NO. 3:**

Produce all subpoenas, authorizations and Freedom of Information ("FOI") requests served on any party, or any individual or entity, concerning this litigation.

**DOCUMENT REQUEST NO. 4:**

Produce all documents received in response to any subpoenas, authorizations and FOI requests served.

**DOCUMENT REQUEST NO. 5:**

Produce all photographs and other audio-visual materials documenting the Incident alleged in the Complaint, including, but not limited to, any and all NYPD photographs or videos taken at the time of plaintiffs' arrest, and any mug shots or other file photographs, and fingerprint records, whether taken by the NYPD or by the New York City Department of Correction.

**DOCUMENT REQUEST NO. 6:**

Produce all NYPD records reflecting plaintiffs' transportation to and incarceration at any police precinct and/or Central Booking facility.

**DOCUMENT REQUEST NO. 7:**

With respect to all experts that defendants expect to call at time of trial, produce all disclosures as required pursuant to Fed. R. Civ. P. Rule 26 (a)(2).

**DOCUMENT REQUEST NO. 8:**

Produce all documents in the possession, custody or control of the NYPD or of any other department or agency of the City of New York, reflecting all employment-related proceedings (including, but not limited to, inquiries and investigations) against or involving the officers identified in response to Interrogatory No. 1 (i) – (iii), whether administrative (including, but not limited to, all CCRB complaints, NYPD disciplinary matters, including command disciplines, admonishments, verbal warnings, monitoring of any kind, early intervention, modified duty, being found/pleading guilty in the trial room, suspensions and being fired, and Internal Affairs ("IAB") inquiries), civil (including, but not limited to, all civil lawsuits, whether dismissed, settled or litigated to judgment), or criminal (including, but not limited to, all arrests, grand jury reviews, indictments, informations, and convictions, whether for violations, misdemeanors or felonies), based upon either (1) the subject matter of the Complaint in this action, or  (2) any allegations of (a) improper arrest or detention or failure to report or report accurately an arrest or detention; (b) inadequate or insufficient investigation; (c) false statements or falsifications of any kind; (d) abuse of authority; (e) improper stop; (f) excessive force; (g) discrimination, bias, prejudice or homophobia; or (h) discourtesy.  For each, please include:

(i)     The agency or court in which the proceeding was filed;

(ii)    The docket number or other identifying number of the proceeding;

17

(iii)   The date on which the proceeding was commenced;

(iv)   Whether the officer testified or otherwise gave a statement or statements in the proceeding, specifying whether the statement or statements were made under oath, and identifying whether the statement or statements were videotaped, audiotaped, or summarized in any memorandum or other writing; and

(v)    The disposition of the proceeding.  (If it is still pending, please state its present status.)

## DOCUMENT REQUEST NO. 9:

Produce all documents in the possession, custody or control of the NYPD, or of any other agency or department of the City of New York, **including complete underlying files**, that record or reflect any review of the conduct of the officers identified in response to Interrogatory No. 1 (i) – (iii), including, but not limited to, Command Disciplines or Formal Instructions to them, or corrective interviews with them, in connection with (i) the incident described in the Complaint or (ii) any of the types of wrongdoing described in Document Request No 8. (2) (a) – (h), above; and, if there are any such documents, identify the existence, custodian and general location of any documents in the possession, custody or control of the NYPD, or any other agency or department of the City of New York, reflecting what remedial action, if any, was taken against them with respect thereto.

## DOCUMENT REQUEST NO. 10:

Produce the NYPD Personnel records of the officers identified in response to Interrogatory No. 1 (i) – (iii) including, but not limited to, records of all

evaluations, Command Disciplines, Formal Instructions, Central Personnel Index file records.

**DOCUMENT REQUEST NO. 11:**

Recent, color photographs of all individuals identified in response to Interrogatory No. 1 (i) – (iii), labeled to identify each individual's full name, current rank, shield number and current command.

**DOCUMENT REQUEST NO. 12:**

All correspondence sent or received by defendants or the City personnel identified in response to Interrogatory No. 1 in connection with, or concerning, the Incident.

**DOCUMENT REQUEST NO. 13:**

All telephone logs, telephone records and summaries of telephone conversations concerning the Incident.

**DOCUMENT REQUEST NO. 14:**

All tape logs and tape recordings prepared or kept in connection with, or concerning the Incident, but not limited to 911 calls concerning the Incident.

**DOCUMENT REQUEST NO. 15:**

All summaries and reports of all meetings, conferences, and conversations held in connection with, or concerning the Incident.

**DOCUMENT REQUEST NO. 16:**

All case log entries prepared in connection with, or concerning the Incident.

**DOCUMENT REQUEST NO. 17:**

All tape recordings or transcripts of any emergency radio transmissions ("radio runs") that were relayed to or from anyone and any of the defendants or any of the City personnel identified in response to Interrogatory No. 1 relating to the Incident and/or at or around the time of the Incident.

**DOCUMENT REQUEST NO. 18:**

With respect to any person(s) employed by defendant City of New York who witnessed some or all of the Incident and surrounding events and the City personnel identified in response to Interrogatory No. 1, the entries of each such person in his/her records, memo books, diaries, DARs, logs, journals, notes, and calendars for those dates, and all documents memorializing such person's impressions, observations, summaries, description, recounting, or version of the aforementioned events, including those contained in text messages, e-mails, weblogs or other electronic media.

**DOCUMENT REQUEST NO. 19:**

The disciplinary, medical, psychological, employment and personnel files, including but not limited to pre-employment investigation information,

command files, early intervention monitoring records, interviews, memoranda, force monitoring records or files, CCRB monitoring records or files, and any other documents contained in or made apart of the personnel records or other files wherever kept, of each defendant and each officer identified in response to Interrogatory No. 1.

## DOCUMENT REQUEST NO. 20:

The entire file of all individuals identified in response to Interrogatory No. 1 (i) – (iii) while they were candidates at the City of New York Police Academy or other training program.

## DOCUMENT REQUEST NO. 21:

All documents concerning City of New York procedure, practice, rules and/or regulations in effect at the time of the Incident relating to:

(i) Determining whether or not there is probable cause for an arrest and seizure of a criminal suspect;

(ii) Investigating civilian complaints;

(iii) Investigating alleged theft of services;

(iv) LGBT tolerance and sensitivity;

(v) Overtime payments for arrest processing; and

(vi) How many arrests each officer is required to make in a given week, month or year, also known as an arrest quota.

**DOCUMENT REQUEST NO. 22:**

All documents, electronic materials, memoranda, directives, bulletins, policy statements and other administrative guidelines, issued subsequent to the Incident that concern the City of New York's adoption of new policies, procedures, criteria, and the like, to be followed by officers with respect to the items set forth in Document Request No. 21 (i) – (vi).

**DOCUMENT REQUEST NO. 23:**

All documents pertaining to any investigation of the Incident conducted by any investigative body or agency, including, but not limited to, interviews, investigative reports, electronic recordings, findings and adjudications.

**DOCUMENT REQUEST NO. 24:**

All training materials relating to the items set forth in Document Request No. 21 (i) – (vi).

**DOCUMENT REQUEST NO. 25:**

All documents concerning any training attended by the individuals identified in response to Interrogatory No. 1 (i) – (iii), including training regarding investigating theft of services complaints, sensitivity to LGBT civilians and the use of force.

**DOCUMENT REQUEST NO. 26:**

Documents sufficient to show or explain any abbreviations, codes, acronyms or other shorthand terms that appear in any of the documents produced in response to these Requests.

**DOCUMENT REQUEST NO. 27:**

Documents sufficient to show defendants' policies and practices concerning the preservation or destruction of documents.

**DOCUMENT REQUEST NO. 28:**

All documents supporting the affirmative defenses that defendants asserted in their answer to the Complaint.

**DOCUMENT REQUEST NO. 29:**

All documents obtained in response to any subpoena, release or authorization for information related to plaintiffs and/or the Incident.

**DOCUMENT REQUEST NO. 30:**

All documents generated as a result of any searches for plaintiffs in the database of the New York State Office of Court Administration.

**DOCUMENT REQUEST NO. 31:**

        All documents generated as a result of any searches related to plaintiffs conducted by the New York City Police Department or its employees, including, without limitation, all BADS documents.

DATED:    March 28, 2014
           New York, New York

                         HARVIS WRIGHT & FETT LLP

                         _____

                         Gabriel P. Harvis
                         305 Broadway, 14th Floor
                         New York, New York 10007
                         (212) 323-6880
                         gharvis@hwandf.com

                         *Attorney for plaintiffs*

To:    ACC Carla Cheung, Esq. (by hand at the initial conference)
       *Attorney for defendants*
       New York City Law Department
       100 Church Street
       New York, New York 10007