**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------ X

KASHEENA ROBERTS, OMAR GONZALEZ, and
BETTYANNE CRICHTON

Plaintiffs,

-against-

Police Officer RICHARD DELROSARIO, Shield No.
10355; Lieutenant ROGER LURCH and JOHN and JANE
DOE 1through 10, individually and in their official
capacities (the names John and Jane Doe being fictitious, as
the true names are presently unknown),

**Defendants.**

------------------------------------------------------------------ X

**DEFENDANTS'
RESPONSES AND
OBJECTIONS TO
PLAINTIFFS' FIRST
SET OF
INTERROGATORIES
AND REQUESTS FOR
PRODUCTION OF
DOCUMENTS**

13 CV 3970 (VSB)

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, defendants Officer Richard Delrosario and Lieutenant Roger Lurch hereby respond and object to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents as follows:

**GENERAL STATEMENT AND OBJECTIONS**

1.     By responding to any request, defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.     Defendants object to these Interrogatories to the extent that it demands documents and/or information which are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

3.      Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4.      Defendants object in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

5.      Defendants object to the extent that any of these interrogatories requests seek to impose obligations beyond those required by the Federal Rules of Civil Procedure or the Local Civil Rules of this Court.

6.      Defendants are continuing to search for information responsive to Plaintiffs' requests and therefore reserve the right to supplement its response to each request with additional information, if and when such information becomes available to defendants' counsel. Defendants also reserve the right to object to the future disclosure of any such information.

7.      Defendants object in the entirety to the interrogatories to the extent that they seek the home address of individuals identified by the defendants in response to the Interrogatories.

## INTERROGATORIES

## INTERROGATORY NO. 1:

Identify all persons that assisted or provided information in response to plaintiffs' discovery demands.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:

Defendants object to Interrogatory No. 1 on the grounds that it vague, ambiguous, and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Defendants further object on the grounds that it seeks information protected by the work product privilege.  See Strauss v. Credit Lyonnais, S.A., 242 F.R.D. 199, 232 (E.D.N.Y. 2007); Weis v. National Westminster Bank, 242 F.R.D. 33, 102 (E.D.N.Y. 2007). Notwithstanding, and without waiving or in any way limiting, these objections or the General Objections, Plaintiffs' discovery demands will be responded to by Assistant Corporation Counsel Carla Cheung.

## INTERROGATORY NO. 2:[1]

Identify any and all officers, and any other City of New York employees who were present at and/or participated in the Incident or any portion of the Incident, and set forth separately their true, full and correct names, badge, shield or identification numbers, work addresses, present addresses, and whether they will be called as trial witnesses by defendants, including but not limited to:

   a. Each and every officer present at or near the location of the acts set forth in the complaint;
   b. Any and all supervisors who authorized, reviewed, critiqued, witnessed, or conferred with the New York City Police Department ("NYPD") or otherwise had knowledge of the incident;
   c. Each and every officer that has knowledge of the allegations levied against plaintiffs by any police officer in connection with the incident;

---

[1] Defendants note that Interrogatory No. 2 sets forth fourteen (14) separate interrogatories.

d.  Each and every officer present during the arrest;

e.  Each and every officer who spoke to plaintiffs before, during or after the arrest;

f.  Each and every officer that made the decision to arrest plaintiffs;

g.  Each and every officer that provided information concerning plaintiffs' arrest to the District Attorney's office;

h.  The arresting officers;

i.  The arresting officers' partner or partners;

j.  The commanding officers of the squad or unit of the NYPD to which the individuals identified above were assigned, including both (i) the ranking officer at the scene of the arrest of plaintiffs, and (ii) any higher-level supervisor to whom the ranking officer at the scene reports;

k.  The desk officer of the precinct(s) to which plaintiffs were brought following the arrest;

l.  The officer or officers who took custody of plaintiffs, transported them to or from the precinct, or played any role in their processing at the precinct after their arrest;

m.  The officer or officers who took custody of plaintiffs, transported them to or from Central booking, or played any role in their processing at Central Booking after the arrest; and

n.  All civilians present at any point during the incident.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:

Defendants object to Interrogatory No. 2(a) on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in scope or time, and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving or in any way limiting these objections or the General Objections, defendants state the following: Lieutenant Roger Lurch, Tax# 917904 and Police Officer Richard Delrosario, Tax# 947643, of the 24th Police Precinct, 151 West 100th Street, New York, NY, 10025-5146. Defendants further state that they continue to search for information responsive to this interrogatory and will supplement their response should any further responsive information be located.

Defendants object to Interrogatory No. 2(b) on the grounds that it is vague, ambiguous, overbroad, and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving or in any way limiting these objections or the General Objections, defendants state the following: Lieutenant Roger Lurch,

Tax# 917904 of the 24th Police Precinct, 151 West 100th Street, New York, NY, 10025-5146. Defendants further state that they continue to search for information responsive to this interrogatory and will supplement their response should any further responsive information be located.

For Interrogatories No. 2(c), 2(d) and 2(e), see defendants' objections and responses to Interrogatory No. 2(a).

In response to Interrogatory No. 2(f), subject to and without waiving or in any way limiting the General Objections, defendants state the following: Lieutenant Roger Lurch.

In response to Interrogatories No. 2(g) and 2(h), subject to and without waiving or in any way limiting the General Objections, defendants state the following: Police Officer Richard Delrosario.

Defendants object to Interrogatory No. 2(i) on the grounds that it is vague, ambiguous, not sufficiently limited in scope or time, and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving or in any way limiting these objections or the General Objections, defendants state the following: Police Officer Roy Kim, Tax# 947132 of the 24th Police Precinct, 151 West 100th Street, New York, NY, 10025-5146. Defendants further state that they continue to search for information responsive to this interrogatory and will supplement their response should any further responsive information be located.

For Interrogatories No. 2(j), see defendants' objections and responses to Interrogatory No. 2(b).

Defendants object to Interrogatory No. 2(k) on the grounds that it is vague, ambiguous, not sufficiently limited in scope or time, and seeks information that is not relevant nor reasonably

calculated to lead to the discovery of admissible evidence. Subject to, and without waiving or in any way limiting these objections or the General Objections, defendants state the following: Sergeant Justin Lee, Tax# 944729 and Sergeant Francesco Pomilla, Tax# 928979, of the 24th Police Precinct, 151 West 100th Street, New York, NY, 10025-5146.

Defendants object to Interrogatory No. 2(l) on the grounds that it is vague, ambiguous, and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Interrogatory because it goes beyond the scope of what is permitted by Local Rule 33.3(a-b). Subject to, and without waiving or in any way limiting these objections or the General Objections, defendants state the following: Police Officer Richard Delrosario, Police Officer Joseph Dennis, Tax# 948872 and Police Officer Gary Cerda, Tax# 934606, of the 24th Police Precinct, 151 West 100th Street, New York, NY, 10025-5146. Defendants further state that they continue to search for information responsive to this interrogatory and will supplement their response should any further responsive information be located.

For Interrogatory No. 2(m), see defendants' objections and responses to Interrogatory No. 2(l).

Defendants object to Interrogatory No. 2(n) on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time, seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks information outside defendants' possession, custody or control. Defendants further state that they continue to search for information responsive to this interrogatory and will supplement their response should any further responsive information be located.

**INTERROGATORY NO. 3:**

Identify all persons that defendants have communicated with regarding any matter at issue in this litigation.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to Interrogatory No. 3 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in scope or time, and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Interrogatory because it goes beyond the scope of what is permitted by Local Rule 33.3(a-b). Subject to, and without waiving or in any way limiting these objections or the General Objections, defendants state the following: Assistant Corporation Counsel Carla Cheung; Complaining Witness Delowar Hossain; and Emily Farber, New York County District Attorney's Office. Defendants further state that they continue to search for information responsive to this interrogatory and will supplement their response should any further responsive information be located.

**INTERROGATORY NO. 4:**

Identify each occasion on which defendants or any persons identified in response to Interrogatory No. 2 have given testimony or statements regarding the subject of this lawsuit.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 4:**

Defendants object to Interrogatory No. 4 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in scope or time, and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving or in any way limiting these objections or the General Objections, defendants state upon information and belief there is no information responsive to this interrogatory. Defendants

further state that they continue to search for information responsive to this interrogatory and will supplement their response should any further responsive information be located.

## INTERROGATORY NO. 5:[2]

Identify all persons, including civilian witnesses, medical personnel, and other employees of the City of New York, who witnessed the Incident or any portion of the Incident, including but not limited to, all persons known to be at or near the location of the Incident, and set forth separately their true, full and correct names, whether they have given a signed statement and/or report to the defendants, their attorneys, or their agents, and whether they will be called as trial witnesses by defendants.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 5:

Defendants object to Interrogatory No. 5 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in scope, compound, assumes facts not true or established, seeks information outside defendants' possession, custody or control, and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this interrogatory to the extent it seeks defendants to indicate whether individuals will be trial witnesses on the grounds that it is premature, and seeks information protected from disclosure under the work product privilege.  Subject to, and without waiving or in any way limiting these objections or the General Objections, defendants state: Lieutenant Roger Lurch, Police Officer Richard Delrosario, Complaining Witness Delowar Hossain. Defendants further state that they continue to search for information responsive to this interrogatory and will supplement their response should any further responsive information be located.  Defendants further state that they will comply with all pre-trial disclosure requirements in the timing set forth in the Federal Rules, the Local Rules, and the Court's individual practices.

---

[2] Defendants note that Interrogatory No. 5 sets forth three (3) separate interrogatories.

**INTERROGATORY NO. 6:[3]**

 If Interrogatory No.5 was answered in the affirmative as to whether a statement or report was made, give:

  a. The name, badge or identification number, and present address of the person who prepared each such report/statement;

  b. The name, badge or identification number and present address of the person or persons for whom each such report/statement was prepared;

  c. The date, time and place where each such report was prepared; and

  d. The name, badge or identification number, and present address of the present custodian of each such report.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 6:**

 Defendants refer to their Objection and Response to Interrogatory No. 5.

**INTERROGATORY NO 7:**

 State whether any of the defendants and officers identified in response to Interrogatory No. 2 were questioned by Internal Affairs, CCRB, District Attorney's Office, and/or any other federal, state, or local law enforcement or other agency about the incident set forth in the complaint.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 7:**

 Defendants object to Interrogatory No. 7 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, compound, and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Interrogatory because it goes beyond the scope of what is permitted by Local Rule 33.3(a-b), and exceeds the number of Interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure. Subject to, and without waiving or in any way limiting these objections or the General Objections, defendants state upon information and belief that Police Officer Richard Delroasrio and Complaining Witness Delowar Hossain spoke to personnel from

---

[3] Defendants note that Interrogatory No. 6 sets forth four (4) separate interrogatories.

the New York County District Attorney's Office.  Defendants further state that they continue to

search for information responsive to this interrogatory and will supplement their response should

any further responsive information be located.

## INTERROGATORY NO. 8:[4]

If the answer to the Interrogatory No. 7 is in the affirmative, set forth:

a.  The name, title and shield number and address of the person(s) making the inquiry;
b.  The date and time of said inquiry, and;
c.  The substance of such inquiry;
d.  All documents, tape recordings or other recordings of the inquiry;
e.  The custodian of these documents, recordings or other recordings;
f.  A general description of these documents and/or recordings.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 8:

Defendants object to Interrogatory No. 8(a) because it exceeds the number of

Interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure. Subject to and

without waiving or in any way limiting this objection or the General Objections, defendants state

the following: Assistant District Attorneys Emily Farber and Allie Rubin of the New York

County District Attorney's Office, One Hogan Place, New York, NY 10013, (212) 335-9000.

Defendants object to Interrogatory No. 8(b) because it exceeds the number of

Interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure. Subject to and

without waiving or in any way limiting this objection or the General Objections, defendants state

that they continue to search for information responsive to Interrogatory No. 8(b), and will

supplement their response should any further responsive information be located.

Defendants object to Interrogatory No. 8(c) because it exceeds the number of

Interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure. Subject to and

---

[4] Defendants note that Interrogatory No. 8 sets forth six (6) separate interrogatories.

without waiving or in any way limiting this objection or the General Objections, defendants state the following: the substance of the conversation was regarding plaintiffs' arrests.

Defendants object to Interrogatory No. 8(d) on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in scope, assumes facts not true or established, and because it exceeds the number of Interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure. Subject to, and without waiving or in any way limiting these objections or the General Objections, defendants refer plaintiff to defendants' Rule 26(a) Limited Discovery dated December 9, 2013, as well as the documents annexed thereto, specifically documents marked Bates No. Deft. 000073-000097.

In response to Interrogatories No. 8(e) and 8(f), see defendants' objections and responses to Interrogatory No. 8(d).

**INTERROGATORY NO. 9:**

Identify all experts that defendants expect to call at the time of trial.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 9:**

In addition to the General Objections, defendants object to Interrogatory No. 9 on the grounds that it is premature, overbroad, seeks information protected from disclosure under the work product privilege, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Interrogatory because it exceeds the number of Interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure. Defendants further state that they will comply with all pre-trial disclosure requirements in the timing set forth in the Federal Rules, the Local Rules, and the Court's individual practices.

**INTERROGATORY NO. 10:**

Identify every document concerning each of the individual defendants' employment with the City.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 10:**

Defendants object to Interrogatory No. 10 on the grounds that it is vague, ambiguous, overbroad, not limited in time or scope, unduly burdensome, seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and to the extent seeks information not related to the individual defendants' employment as police officers. Defendants further object to this Interrogatory because it goes beyond the scope of what is permitted by Local Rule 33.3(a-b), and exceeds the number of Interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 11:**

Identify all documents, including, without limitation, photographs, videotapes, and audiotapes, whether in your possession, custody or control, or not, that relate to the incident and the investigation and prosecution of plaintiffs, including a description of such documents, their location, and their custodian.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 11:**

Defendants object to Interrogatory No. 11 on the grounds that it is vague, ambiguous, overbroad, compound, seeks information outside defendants' possession, custody or control, and exceeds the number of Interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure.  Subject to and without waiving or in any way limiting these objections or defendants' General Objections, defendants refer plaintiff to Defendants' Rule 26(a) Initial Disclosures dated November 6, 2013 and defendants' Limited Discovery dated December 9,

2013 and the documents annexed thereto, as well as the documents attached hereto marked Bate Stamp No. 000109-00013. Defendants further state that they continue to search for information responsive to this interrogatory and will supplement their response should any further responsive information be located.

**INTERROGATORY NO. 12:**

Identify all documents that relate to defendants' response to each and every Interrogatory above, including, without limitation, a description of such documents, their location and their custodian.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 12:**

Defendants object to Interrogatory No. 12 on the grounds that it goes beyond the scope of what is permitted by Local Rule 33.3(a-b) and exceeds the number of Interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure. Subject to and without waiving or in any way limiting these objections or defendants' General Objections, defendants refer plaintiff to Defendants' Rule 26(a) Initial Disclosures dated November 6, 2013 and defendants' Limited Discovery dated December 9, 2013 and the documents annexed thereto, as well as the documents attached hereto marked Bate Stamp No. 000109-00013.

## DOCUMENT REQUESTS

## DOCUMENT REQUEST NO. 1:

All documents identified in the foregoing Interrogatories.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendants refer plaintiff to Defendants' Rule 26(a) Initial Disclosures dated November 6, 2013 and defendants' Limited Discovery dated December 9, 2013 and the documents annexed thereto, as well as the documents attached hereto marked Bate Stamp No. Deft. 000109-00013.

## DOCUMENT REQUEST NO. 2:

Produce all documents relevant to this action that are or were in the possession of any agency of the City of New York, including but not limited to the NYFD, or that reflect the activities of any employee of the City of New York that are relevant to this action and can be obtained by defendants. If defendants claim that any document identified in response to this request cannot be produced or obtained, defendants are to treat this request as an interrogatory and are to state the existence, custodian, location and a general description of the document (see Local Civil Rule 33.3 (a)). The documents at issue include, but are not limited to, the following:

(i)     Memo Books and/or DARs of the officers identified in response to Interrogatory No.1 (i) - (iii);
(ii)    Roll Call for the precinct to which the officers identified in response to Interrogatory No.1 (i) - (iii) were assigned;
(iii)   Command Log for the precinct to which the officers identified in response to Interrogatory No.1 (i) - (iii) were assigned;
(iv)    Arrest Report;
(v)     Online Booking System Arrest Worksheet, including drafts and scratch copies;
(vi)    Complaint Report (UF-61), including drafts and scratch copies;
(vii)   Prisoner Movement Slip;
(viii)  Video Recordings from the vicinity of the Incident;
(ix)    Property Voucher;
(x)     BADS Check of plaintiffs, including, without limitation, OLPA Report and BADS Arrest History report;
(xi)    OCA Check of plaintiffs;
(xii)   Central Booking Prisoner Roster(s);

(xiii)   The District Attorney's File;
(xiv)   Sprint Report(s), including tapes;
(xv)    Aided Report;
(xvi)   CAD Report;
(xvii)  ACR,
(xviii) Injury to Inmate Report;
(xix)   Line of Duty report(s);
(xx)    Medical records for any officer claiming injury;
(xxi)   Property Clerk's Invoice for Plaintiffs' property;
(xxii)  For inspection, all invoiced property;
(xxiii) Photos from Central Booking;
(xxiv) Tactical Plan;
(xxv)  ECAB/Complaint Room Screening Form;
(xxvi) District Attorne y Dismissal Memorandum;
(xxvii) All documentation of overtime requested and received by any officer involved in
        Plaintiffs' arrest for the tour including Plaintiffs' arrest; and
(xxviii)For each defendant who sought or received overtime for the tour including Plaintiffs'
        arrest, all documentation of overtime requested and received for that tour.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 2:

Defendants object to Document Request No. 2 on the grounds that it is vague, ambiguous, overbroad, compound, seeks information outside defendants' possession, custody or control. Defendants further state that there are no sections (i) - (iii) of Interrogatory No.1, and no officers identified in response to Interrogatory No.1.  Subject to and without waiving or in any way limiting these objections or defendants' General Objections, defendants refer plaintiff to Defendants' Rule 26(a) Initial Disclosures dated November 6, 2013 and defendants' Limited Discovery dated December 9, 2013 and the documents annexed thereto, as well as the documents attached hereto marked Bate Stamp No. Deft. 000109-00013. Defendants further state that they continue to search for information responsive to this interrogatory and will supplement their response should any further responsive information be located.

## DOCUMENT REQUEST NO. 3:

Produce all subpoenas, authorizations and Freedom of Information ("FOI") requests served on any party, or any individual or entity, concerning this litigation.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendants object to Document Request No. 3 on the grounds that it is vague, ambiguous, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 4:**

Produce all documents received in response to any subpoenas, authorizations and FOI requests served.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendants refer plaintiff to Defendants' Rule 26(a) Initial Disclosures dated November 6, 2013 and defendants' Limited Discovery dated December 9, 2013 and the documents annexed thereto, as well as the documents attached hereto marked Bate Stamp No. Deft. 000109-00013.

**DOCUMENT REQUEST NO. 5:**

Produce all photographs and other audio-visual materials documenting the Incident alleged in the Complaint, including, but not limited to, any and all NYPD photographs or videos taken at the time of plaintiffs' arrest, and any mug shots or other file photographs, and fingerprint records, whether taken by the NYPD or by the New York City Department of Correction.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendants object to Document Request No. 5 on the grounds that it is vague, ambiguous, seeks information outside the possession, custody or control of defendants, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving or in any way limiting these objections or defendants' General Objections, defendants refer plaintiff to Defendants' Rule 26(a) Initial Disclosures dated November 6, 2013, specifically document marked Bate Stamp No. Deft. 000027. Defendants

further state that they continue to search for information responsive to this interrogatory and will supplement their response should any further responsive information be located.

**DOCUMENT REQUEST NO. 6:**

Produce all NYPD records reflecting plaintiffs' transportation to and incarceration at any police precinct and/or Central Booking facility.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendants object to Document Request No. 6 on the grounds that it is vague, ambiguous, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving or in any way limiting these objections or defendants' General Objections, defendants refer plaintiff to Defendants' Rule 26(a) Initial Disclosures dated November 6, 2013 and defendants' Limited Discovery dated December 9, 2013 and the documents annexed thereto, as well as the documents attached hereto marked Bate Stamp No. Deft. 000109-00013.

**DOCUMENT REQUEST NO. 7:**

With respect to all experts that defendants expect to call at time of trial, produce all disclosures as required pursuant to Fed. R. Civ. P. Rule 26 (a) (2).

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendants refer to their Objection and Response to Interrogatory No. 9.

**DOCUMENT REQUEST NO. 8:**

Produce all documents in the possession, custody or control of the NYPD or of any other department or agency of the City of New York, reflecting all employment-related proceedings (including, but not limited to, inquiries and investigations) against or involving the officers

- 17 -

identified in response to Interrogatory No. 1 (i) - (iii), whether administrative (including, but not

limited to, all CCRB complaints, NYPD disciplinary matters, including command disciplines,

admonishments, verbal warnings, monitoring of any kind, early intervention, modified duty,

being found/pleading guilty in the trial room, suspensions and being fired, and Internal Affairs

("IAB") inquiries), civil (including, but not limited to, all civil lawsuits, whether dismissed,

settled or litigated to judgment), or criminal (including, but not limited to, all arrests, grand jury

reviews, indictments, informations, and convictions, whether for violations, misdemeanors or

felonies), based upon either (1) the subject matter of the Complaint in this action, or (2) any

allegations of (a) improper arrest or detention or failure to report or report accurately an arrest or

detention; (b) inadequate or insufficient investigation; (c) false statements or falsifications of any

kind; (d) abuse of authority; (e) improper stop; (f) excessive force; (g) discrimination, bias,

prejudice or homophobia; or (h) discourtesy. For each, please include:

(i)     The agency or court in which the proceeding was flied;
(ii)    The docket number or other identifying number of the proceeding;
(iii)   The date on which the proceeding was commenced;
(iv)    Whether the officer testified or otherwise gave a statement or statements in the
        proceeding, specifying whether the statement or statements were made under oath, and
        identifying whether the statement or statements were videotaped, audiotaped, or
        summarized
(v)     in any memorandum or other writing; and
(vi)    The disposition of the proceeding. (If it is still pending, please state its present status.)

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 8:

Defendants object to Document Request No. 8 on the grounds that it is vague,

ambiguous, overbroad, compound, unintelligible, not sufficiently limited in time and scope, to

the extent it seeks information pertaining to non-parties, to the extent it seeks information sealed

pursuant to N.Y. C.P.L. §§ 160.50, 160.55 and/or Family Court Act § 375.1, to the extent it

seeks information protected by the attorney-client and work-product privileges, to the extent that

it seeks information beyond the scope of the complaint and Fed. R. Civ. P. 26(b), and to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendants further state that there are no sections (i) - (iii) of Interrogatory No.1, and no officers identified in response to Interrogatory No.1.  Defendants further object to this Document Request to the extent it calls for information regarding allegations of misconduct that are not of a similar nature as to those alleged in the complaint and allegations of conduct for which relief cannot be sought, to the extent that it seeks information about allegations of misconduct which were not substantiated and to the extent it seeks information regarding allegations of misconduct that occurred more than 10 years prior to the incident or subsequent to the incident.   Defendants further object to this Document Request to the extent it calls for information relating to a purported Equal Protection claim, on the ground that plaintiffs have failed to state a such a claim for relief and thus any documents or information pertaining to this claim are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this Document Request to extent it seeks information that is publicly available and/or equally available to both parties.  Subject to, and without waiving or in any way limiting these objections and the General Objections, defendants state that upon information and belief there is no information responsive to this request regarding Police Officer Richard Delrosario.  Defendants further state that they will continue to search for and produce information regarding civil lawsuits and allegations of misconduct made to the NYPD or CCRB, regardless of disposition, made against Lt. Roger Lurch in his capacity as police officers within the past ten years of a similar nature to the allegations in the complaint, specifically allegations of false arrest, malicious prosecution, excessive force, fabrication of evidence, abuse of process, and failure to intervene.   Defendants further refer plaintiff to

- 19 -

defendants' Rule 26(a) Limited Discovery dated December 9, 2013, as well as the documents annexed thereto, and state the following:

- Fox v. City of New York et al., 12 CV 04744 (AT), currently pending in the Southern District of New York.

- Villegas v. The City of New York et al., 12 CV 06465 (KPF), Southern District of New York.

- Bennett v. City of New York et al., 06 CV 0027 (DLI)(KAM), Eastern District of New York.

**DOCUMENT REQUEST NO. 9:**

Produce all documents in the possession, custody or control of the NYPD, or of any other agency or department of the City of New York, including complete underlying files, that record or reflect any review of the conduct of the officers identified in response to Interrogatory No.1 (i) – (iii), including, but not limited to, Command Disciplines or Formal Instructions to them, or corrective interviews with them, in connection with (i) the incident described in the Complaint or (ii) any of the types of wrongdoing described in Document Request No. 8. (2) (a) - (h), above; and, if there are any such documents, identify the existence, custodian and general location of any documents in the possession, custody or control of the NYPD, or any other agency or department of the City of New York, reflecting what remedial action, if any, was taken against them with respect thereto.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendants refer to their Objection and Response to Document Request No. 8.

**DOCUMENT REQUEST NO. 10:**

Produce the NYPD Personnel records of the officers identified in response to Interrogatory No.1 (i) - (iii) including, but not limited to, records of all evaluations, Command Disciplines, Formal Instructions, Central Personnel Index me records.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendants refer to their Objection and Response to Document Request No. 8.

**DOCUMENT REQUEST NO. 11:**

Recent, color photographs of all individuals identified in response to Interrogatory No.1 (i) - (iii), labeled to identify each individual's full name, current rank, shield number and current command.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendants object to Document Request No. 11 on the grounds that it is overbroad, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, implicates the privacy and security interests of the parties, to the extent it implicates the official information and/or law enforcement privileges, to the extent there is a more practical method of obtaining the information sought. Defendants further state that there are no sections (i) - (iii) of Interrogatory No.1.

**DOCUMENT REQUEST NO. 12:**

All correspondence sent or received by defendants or the City personnel identified in response to Interrogatory No.1 in connection with, or concerning, the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendants object to Document Request No. 12 on the grounds that it is vague, ambiguous, overbroad, compound, not sufficiently limited in scope, to the extent it seeks information protected by the attorney-client and work-product privileges, and to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 13:**

All telephone logs, telephone records and summaries of telephone conversations concerning the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendants refer to their Objection and Response to Document Request No. 12. Defendants further object to this Document Request on the grounds that it seeks information outside defendants' possession, custody or control.

**DOCUMENT REQUEST NO. 14:**

All tape logs and tape recordings prepared or kept in connection with, or concerning the Incident, but not limited to 911 calls concerning the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendants object to Document Request No. 14 on the grounds that it is vague, ambiguous, overbroad, compound, to the extent it seeks to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information outside defendants' possession, custody or control.  Subject to and without waiving or in any way limiting these objections or defendants' General Objections, defendants state upon information and belief that there is no information responsive to this Document Request. Defendants further state that they continue to search for information responsive to this Document Request and will supplement their response should any further responsive information be located.

**DOCUMENT REQUEST NO. 15:**

All summaries and reports of all meetings, conferences, and conversations held in connection with, or concerning the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

Defendants refer to their Objection and Response to Document Request No. 12. Defendants further object to this Document Request on the grounds that it seeks information outside defendants' possession, custody or control.

**DOCUMENT REQUEST NO. 16:**

All case log entries prepared in connection with, or concerning the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

Defendants refer to their Objection and Response to Document Request No. 12. Defendants further object to this Document Request on the grounds that it seeks information outside defendants' possession, custody or control.

**DOCUMENT REQUEST NO. 17:**

All tape recordings or transcripts of any emergency radio transmissions ("radio runs") that were relayed to or from anyone and any of the defendants or any of the City personnel identified in response to Interrogatory No. 1 relating to the Incident and/or at or around the time of the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 17:**

Defendants object to Document Request No. 17 on the grounds that it is vague, ambiguous, overbroad, compound, not sufficiently limited in time and scope, to the extent it seeks information pertaining to non-parties, to the extent it seeks information sealed pursuant to N.Y. C.P.L. §§ 160.50, 160.55 and/or Family Court Act § 375.1, to the extent it seeks information protected by the attorney-client and work-product privileges, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information outside defendants' possession,

custody or control.  Subject to and without waiving or in any way limiting these objections or defendants' General Objections, defendants state upon information and belief that there is no information responsive to this Document Request. Defendants further state that they continue to search for information responsive to this Document Request and will supplement their response should any further responsive information be located.

## DOCUMENT REQUEST NO. 18:

With respect to any person(s) employed by defendant City of New York who witnessed some or all of the Incident and surrounding events and the City personnel identified in response to Interrogatory No.1, the entries of each such person in his/her records, memo books, diaries, DARs, logs, journals, notes, and calendars for those dates, and all documents memorializing such person's impressions, observations, summaries, description, recounting, or version of the aforementioned events, including those contained in text messages, e-mails, weblogs or other electronic media.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 18:

Defendants object to Document Request No. 18 on the grounds that it is vague, ambiguous, overbroad, compound, not sufficiently limited in scope, to the extent it seeks information pertaining to non-parties, to the extent it seeks information which may be sealed pursuant to N.Y. C.P.L. §§ 160.50, 160.55 and/or Family Court Act § 375.1, to the extent it seeks information protected by the attorney-client and work-product privileges, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information outside defendants' possession, custody or control.  Subject to and without waiving or in any way limiting these objections or defendants' General Objections, defendants refer plaintiff to Defendants' Rule 26(a) Initial

- 24 -

Disclosures dated November 6, 2013 and defendants' Limited Discovery dated December 9, 2013 and the documents annexed thereto, as well as the documents attached hereto marked Bate Stamp No. Deft. 000109-00013. Defendants further state that they continue to search for information responsive to this Document Request and will supplement their response should any further responsive information be located.

**DOCUMENT REQUEST NO. 19:**

The disciplinary, medical, psychological, employment and personnel files, including but not limited to pre-employment investigation information, command files, early intervention monitoring records, interviews, memoranda, force monitoring records or files, CCRB monitoring records or files, and any other documents contained in or made apart of the personnel records or other files wherever kept, of each defendant and each officer identified in response to Interrogatory No.1.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 19:**

Defendants refer to their Objections and Responses to Document Request No. 8 and 9. Defendants further object to this Document Request on the grounds that is duplicative and to the extent it implicates the official information, doctor-patient, and psychotherapist-patient privileges, implicates the privacy interests of the parties and non-parties, and to the extent it implicates the provisions of HIPAA. Defendants further state that there are no officers identified in response to Interrogatory No.1.

**DOCUMENT REQUEST NO. 20:**

The entire file of all individuals identified in response to Interrogatory No.1 (i) - (iii) while they were candidates at the City of New York Police Academy or other training program.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

Defendants object to Document Request No. 20 on the grounds that it is vague, ambiguous, overbroad, compound, not sufficiently limited in time or scope, to the extent it seeks information pertaining to non-parties, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information outside defendants' possession, custody or control.  Defendants state that there are no sections (i) - (iii) of  Interrogatory No.1, and no officers identified in response to Interrogatory No.1.

**DOCUMENT REQUEST NO. 21:**

All documents concerning City of New York procedure, practice, rules and/or regulations in effect at the time of the Incident relating to:

(i)     Determining whether or not there is probable cause for an arrest and seizure of a criminal suspect;
(ii)    Investigating civilian complaints;
(iii)   Investigating alleged theft of services;
(iv)    LGBT tolerance and sensitivity;
(v)     Overtime payments for arrest processing; and
(vi)    How many arrests each officer is required to make in a given week, month or year, also known as an arrest quota.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 21:**

Defendants object to Document Request No. 21 on the grounds that it is vague, ambiguous, overbroad, compound, not sufficiently limited in time or scope, to the extent that it seeks information beyond the scope of the complaint and Fed. R. Civ. P. 26(b), and to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this Document Request to the extent it seeks discovery pursuant to Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978) on the ground that plaintiff has failed to state a such a claim for relief and thus any documents or

information pertaining to this claim are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 22:**

All documents, electronic materials, memoranda, directives, bulletins, policy statements and other administrative guidelines, issued subsequent to the Incident that concern the City of New York's adoption of new policies, procedures, criteria, and the like, to be followed by officers with respect to the items set forth in Document Request No. 21 (i) - (vi).

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 22:**

Defendants refer to their Objection and Response to Document Request No. 21.

**DOCUMENT REQUEST NO. 23:**

All documents pertaining to any investigation of the Incident conducted by any investigative body or agency, including, but not limited to, interviews, investigative reports, electronic recordings, findings and adjudications.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 23:**

Defendants object to Document Request No. 23 on the grounds that it is vague, ambiguous, overbroad, to the extent is seeks information outside defendants' possession, custody or control, and to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving or in any way limiting these objections or defendants' General Objections, defendants refer plaintiff to Defendants' Rule 26(a) Initial Disclosures dated November 6, 2013 and defendants' Limited Discovery dated December 9, 2013 and the documents annexed thereto, as well as the documents attached hereto marked Bate Stamp No. Deft. 000109-00013.

**DOCUMENT REQUEST NO. 24:**

All training materials relating to the items set forth in Document Request No. 21 (i) - (vi).

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 24:**

Defendants refer to their Objection and Response to Document Request No. 21.

**DOCUMENT REQUEST NO. 25:**

All documents concerning any training attended by the individuals identified in response to Interrogatory No. 1 (i) - (iii), including training regarding investigating theft of services complaints, sensitivity to LGBT civilians and the use of force.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 25:**

Defendants refer to their Objection and Response to Document Request No. 21. Defendants further state that there are no sections (i) - (iii) of Interrogatory No.1, and no officers identified in response to Interrogatory No.1.

**DOCUMENT REQUEST NO. 26:**

Documents sufficient to show or explain any abbreviations, codes, acronyms or other shorthand terms that appear in any of the documents produced in response to these Requests.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 26:**

Defendants object to Document Request No. 26 on the grounds that it is vague, ambiguous, overbroad, to the extent is seeks information outside defendants' possession, custody or control, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent there is a more practical method of obtaining the information sought.

**DOCUMENT REQUEST NO. 27:**

Documents sufficient to show defendants' policies and practices concerning the preservation or destruction of documents.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 27:**

Defendants object to Document Request No. 27 on the grounds that it is vague, ambiguous, overbroad, not limited in time, is outside the scope of this litigation, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 28:**

All documents supporting the affirmative defenses that defendants asserted in their answer to the Complaint.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 28:**

Defendants object to Document Request No. 28 on the grounds that it is duplicative, vague, ambiguous, premature, overbroad, to the extent it seeks legal conclusions and to the extent it implicates the attorney-client and/or work-product privileges. Subject to and without waiving or in any way limiting these objections or defendants' General Objections, defendants refer plaintiff to Defendants' Rule 26(a) Initial Disclosures dated November 6, 2013 and defendants' Limited Discovery dated December 9, 2013 and the documents annexed thereto, as well as the documents attached hereto marked Bate Stamp No. Deft. 000109-00013. Defendants further state that they continue to search for information responsive to this Document Request and will supplement their response should any further responsive information be located.

**DOCUMENT REQUEST NO. 29:**

All documents obtained in response to any subpoena, release or authorization for information related to plaintiffs and/or the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 29:**

Defendants refer to their Objection and Response to Document Request No. 4.

**DOCUMENT REQUEST NO. 30:**

All documents generated as a result of any searches for plaintiffs in the database of the New York State Office of Court Administration.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 30:**

Defendants object to Document Request No. 30 on the grounds that it is vague, ambiguous, not limited in time or scope, and to the extent it seeks documents that are equally available to plaintiff.

**DOCUMENT REQUEST NO. 31:**

All documents generated as a result of any searches related to plaintiffs conducted by the New York City Police Department or its employees, including, without limitation, all BADS documents.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 31:**

Defendants object to Document Request No. 31 on the grounds that it is vague, ambiguous, overbroad, not limited in time or scope, and to the extent it is not relevant or reasonable calculated to lead to the discovery of admissible evidence.  Subject to and without waiving or in any way limiting these objections or defendants' General Objections, defendants refer plaintiff to Defendants' Rule 26(a) Initial Disclosures dated November 6, 2013 and defendants' Limited Discovery dated December 9, 2013 and the documents annexed thereto, as well as the documents attached hereto marked Bate Stamp No. Deft. 000109-00013.

Dated:      New York, New York
            May 5, 2014

                              ZACHARY W. CARTER
                              Corporation Counsel of the
                              City of New York
                              *Attorney for Defendants Delrosario, Lurch*
                              100 Church Street, Room
                              New York, New York 10007
                              (212) 356-2368

                         By: *(signature)*
                              Carla Cheung
                              Assistant Corporation Counsel


To:     VIA FIRST CLASS MAIL and EMAIL
        Harvis, Wright & Fett
        Gabriel P. Harvis, Esq
        *Attorney for Plaintiffs*
        305 Broadway, 14th Floor
        New York , NY 10007